IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

E.C. STYBERG ENGINEERING COMPANY,

Plaintiff,

v.

EATON CORPORATION,

Defendant.                                                No. 03-C-0571-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court are Plaintiff's October 19, 2007 motion pursuant to Rule 60 to correct mistakes in the statement of the judgment (Doc. 225) and Plaintiff's November 21, 2007 motion pursuant to Federal Rule 15 for amendment of its pleading and motion for judgment based in equity and on the doctrine of promissory estoppel (Doc. 231). Defendant has filed oppositions to both motions (Docs. 237 & 246). Based on the following, the Court denies Plaintiff's motions.

On May 12, 2003, Plaintiff sued Defendant in state court claiming that Defendant breached a contract to buy 13,000 transmission components from Plaintiff. On June 17, 2003, Defendant removed the case to this judicial district (Doc. 1).[1] From June 5, to June 8, 2006, the Court held a bench trial in this matter (Doc. 175). Thereafter on November 27, 2006, the Court entered its Findings of Fact

---

[1] On June 30, 2005, the case was reassigned to the undersigned district judge (Doc. 154).

Page 1 of 8

and Conclusions of Law (Doc. 198). The Court found that no contract existed between the parties, found in favor of Defendant and against Plaintiff and ordered that Judgment reflecting the same be entered. Two days later, the Clerk of the Court entered Judgment (Doc. 199). Subsequently, Plaintiff appealed the Court's decision (Doc. 204). On July 9, 2007, the Seventh Circuit issued an Order affirming the Court's decision and on August 9, 2007 denied Plaintiff's request for rehearing and rehearing en banc. **See E.C. Styberg Engineering Co. v. Eaton Corp., 492 F.3d 912 (7th Cir. 2007)**. On August 20, 2007, the Court received the Seventh Circuit Court of Appeals' Mandate (Doc. 217).

On October 19, 2007, Plaintiff filed a motion pursuant to Rule 60 to correct mistakes in the statement of the judgment (Doc. 225). Specifically, Plaintiff states that "[a]n accurately stated Judgment is needed to remove the ambiguity regarding the scope of the Judgment entered and affirmed in this case, and to define the preclusive effect of the Judgment. An accurately stated judgment is needed to eliminate a potential procedural bar to Styberg seeking equitable relief which is supported by the Record and doctrine of promissory estoppel." Eaton opposes the motion arguing that the only claim before the Court was a breach of contract claim and that Plaintiff's attempt to add a claim of promissory estoppel is untimely.

Thereafter, Plaintiff filed its motion pursuant to Federal Rule 15 for Amendment of its pleading and motion for judgment based in equity and on the doctrine of promissory estoppel (Doc. 231). Plaintiff's motion states that its pleadings should be amended "to accurately define the issues to be made and the

adjudications actually made in this case." Plaintiff further asks the Court to do "corrective-equitable justice" and "decide the equitable remedies inherent in the Record to which Styberg is entitled." Defendant opposes the motion arguing that a claim of promissory estoppel was not tried with the express or implied consent of the parties and that the amendment is not allowed under Rule 15. Based on the following, the Court agrees with Defendants.

## II. Analysis

As to the motion pursuant to Rule 60 to correct mistakes in the statement of the judgment, the Court finds that it lacks merit. Federal Rule of Civil Procedure 60(a) provides in part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

**Fed.R.Civ.P. 60(a)**. "It is settled that this rule applies only to an error of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification." ***Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir.1972)**. Rule 60(a) does not allow a court to correct language that the judge intended the clerk to employ; " Rule 60(a) allows a court to correct records to show what was *done*, rather than change them to reflect what *should have been done*." ***Blue Cross and Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis in original)**.

The Court finds Rule 60(a) inapplicable to this case. There was no

Page 3 of 8

Case 2:03-cv-00571-DRH    Filed 03/18/08    Page 3 of 8    Document 254

clerical or other error in the Judgment entered. Further, the Judgment is not ambiguous as Plaintiff suggests. The Judgment accurately reflects the meaning of the Court's decision: that the Court found no contract existed and that judgment be entered in favor of Defendant and against Plaintiff on all claims before it.

Further, Plaintiff's motion fails under Rule 60(b). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise or excusable neglect." **Fed.R.Civ. P 60(b)(1)**. Rule 60(b) is an "extraordinary remedy that is to be granted only in the most exceptional circumstances." ***Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).** Motions under the rule cannot include arguments that could have been made on direct appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). ***See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002);** *Bell v. Eastman Kodak Co.*, **214 F.3d 798, 801 (7th Cir. 2000)("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.")**. The rule is a vehicle to "allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier." ***Gleash*, 308 F.3d at 761; see *Eastman Kodak Co.*, 214 F.3d at 801**. The rule has a narrow purpose, thus a Rule 60(b) motion cannot be premised on a mere legal error. ***Gleash*, 308 F.3d at 761**.

In this case it would be appropriate and fair exercise of the Court's discretion to deny Plaintiff's Rule 60 motion on the grounds of Plaintiff's unjustified

failure to present this theory to the Court while the case was pending. Plaintiff could have raised this argument regarding promissory estoppel at various times in the litigation but did not do so. Plaintiff has not presented any argument warranting relief under Rule 60(b). Nevertheless, in the interest of ensuring thorough appellate review of the legal sufficiency of Plaintiff's alternate theory of recovery in this case, the Court will proceed to evaluate whether Plaintiff has satisfied the standard governing a grant of leave to file an amended complaint under Rule 15(a).

Plaintiff's right under Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint as a matter of course before filing of a responsive pleading was terminated when the Court entered judgment for Defendant. **See Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]"); *Paganis v. Blonstein*, 3 F.3d 1067, 1072-73 (7th Cir. 1993) ("The right under Rule 15(a) to amend 'once as a matter of course' is lost after the entry of judgment.")**. "In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)." ***Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990)**.

In this Circuit, as discussed, a plaintiff seeking to amend a complaint after judgment has been entered against him or her must first have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

Procedure, then request leave to amend pursuant to Rule 15(a). The decision to grant or deny is committed, of course, to a court's discretion. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990); *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980). Importantly, "the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered." *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991). *See also Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985) (stating that "justice may require something less in post-judgment situations than in pre-judgment situations under Rule 15(a)[.]"). A post-judgment request for leave to amend a complaint can be denied for any of the ordinary reasons leave to amend may be denied, including undue delay, bad faith, prejudice to the opponent, dilatory motive on the moving party's part, or when amendment would be futile. *See Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 558 (7th Cir. 2004) (post-judgment leave to amend may be denied where the proposed amendment would be futile); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001)) ("Under Rule 15, a court may deny [post-judgment] amendment due to undue delay, bad faith, dilatory motive, prejudice or futility.").

Although "in prejudgment amendment cases . . . delay alone is not

reason enough to deny leave to amend," in the post-judgment context "[d]elay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment." ***Giger v. Mobil Oil Corp.*, 823 F.2d 181, 184 (7th Cir. 1987) (quoting *Twohy*, 758 F.2d at 1196). *See also Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997) (quoting *Amendola*, 907 F.2d at 764) (the trial court did not abuse its discretion in denying post-judgment leave to amend where "the amendments proposed by [the plaintiff] after the judgment was entered could and should have been suggested by him much earlier in the litigation," so that, had amendment been allowed, "the litigation would have been prolonged and the 'public interest in prompt resolution of legal disputes' impaired.") (emphasis omitted)**. Further, post-judgment leave to amend a complaint may be denied on the basis of undue delay even in the absence of prejudice to a defendant. ***See Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992)**.

Here, Plaintiff has not offered a legitimate explanation for its failure to present its current theory of promissory estoppel to the Court before it held the bench trial, prior to the Court entering judgment, after judgment and prior to appeal and during the appeal. Therefore, the Court holds that amendment is barred by undue delay and the amendment would be highly prejudicial to Defendant at this stage in the litigation. Therefore, the Court denies Plaintiff's motion for leave to

Page 7 of 8

Case 2:03-cv-00571-DRH    Filed 03/18/08    Page 7 of 8    Document 254

amend the pleadings.

Defendant asks the Court to sanction Plaintiff for pursuing its motion (Docs. 236 and 247). Although, the Court finds that the Plaintiff's motion flirts with the frivolous, it does not rise to the level of sanctions. Therefore, the Court denies Defendant's request in this regard.

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion pursuant to Rule 60 to correct mistakes in the statement of the judgment (Doc. 225) and **DENIES** Plaintiff's motion to amend/correct pleading (Doc. 231). Further, the Court **DENIES** Defendant's motions for sanctions (Docs. 236 & 247).

**IT IS SO ORDERED**.

Signed this 17th day of March, 2008.

/s/ David R Herndon
**United States District Judge**